UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GUSTAVUS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-CV-582-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| DR. GOSS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Gustavus Johnson has filed a *pro se* civil rights complaint against federal

officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[R. 1].  The Court has granted his motion to proceed *in forma pauperis* by prior Order.  This

matter is before the Court to conduct the preliminary screening required by 28 U.S.C.

§§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).[1]

Johnson is presently confined at the Federal Medical Center in Lexington, Kentucky

(FMC-Lexington). [R. 1, at p. 1]  In his complaint, Johnson alleges that before he was transferred

to FMC-Lexington, an ophthalmologist at another federal prison recommended that he receive

laser surgery upon his left eye to treat glaucoma, with the possibility of a full cornea replacement

following his recovery of the laser surgery.  It appears that in August 2013 Johnson was

transferred to FMC-Lexington, a federal prison with more extensive medical facilities. [R. 1-1, at

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

p. 12] Johnson indicates that he was then taken to the University of Kentucky Hospital where he was examined by ophthalmologist Dr. Katz. Dr. Katz concluded that because Johnson's left eye suffered from several medical conditions, instead of laser surgery the better course of treatment would be a different kind of eye surgery that involved placing a shunt (a small hollow tube) into his left eye to alleviate pressure. Depending on the outcome of that procedure, full corneal replacement surgery might follow. [R. 1. at pp. 2-3]

In September 2014, Dr. Daniel Moore, another ophthalmologist at UK Hospital, performed the surgery to insert a shunt into Johnson's left eye. [R. 1, at p. 7, R 1-1, at p. 2] However, Johnson indicates that the shunt collapsed after the surgery was performed, leaving his left eye in worse condition than it had been before. On several occasions his eye became infected, resulting in numerous trips to UK Hospital for injections into the shunt to maintain its viability. Dr. Blackburn, another ophthalmologist at UK Hospital, performed one such procedure in October 2016. [R. 1, at p. 6] Ultimately, the shunt was shut off, leaving Johnson's left cornea flattened and his vision in that eye further reduced. [R. 1, at pp. 4-5] In August 2016, Dr. Katz determined that Johnson's prognosis for restored vision in his left eye was very poor, and that corneal replacement surgery was no longer a viable option. [R. 1-1, p. at 2]

Nearly a year later, in July 2017, Johnson filed an inmate grievance complaining that after his first surgery in 2014 to place the shunt he should have had a second surgery to restore vision in his left eye. He also complained that his treating physicians would not recommend surgery for a full corneal replacement in his left eye to restore vision. The BOP denied those grievances at the local, regional, and national level, noting that Johnson had received extensive medical treatment for his vision over the course of several years. The BOP's final denial was issued on October 16, 2017. [R. 1-1, at pp. 1-8]

Johnson indicates that in November 2017 he filed a tort claim against the United States based upon the outcome of the 2014 eye surgery. However, on April 13, 2018, the BOP denied that claim on the ground that Johnson had failed to establish substandard medical care and because the claim was filed more than two years after the events about which he complained. [R. 1, at pp. 5, 14, R. 1-1 at 9-13]

Johnson's complaint in this action is deemed filed on October 15, 2018, the date he signed it. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). In addition to the doctors directly involved in his medical care (Katz, Moore, and Blackburn), Johnson names as defendants Dr. Goss, an ophthalmologist at FMC-Lexington who referred him to the specialists at UK Hospital for evaluation and surgery, and K. Bush, the Health Services Administrator at FMC-Lexington who assigned Dr. Goss to oversee his care. [R. 1, at p. 6] Johnson indicates that the nature of his *Bivens* claim in this action is for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [R. 1, at pp. 5, 8-9] Specifically, Johnson contends that the defendants displayed deliberate indifference by disregarding the recommendation of his first ophthalmologist that laser surgery was the best course of treatment and instead choosing to perform a surgical procedure to insert a shunt in his left eye. [R. 1, at p. 9]

The medical outcome for Mr. Johnson's eye is truly unfortunate. However, his complaint must be dismissed for two reasons. First, Johnson delayed for too long before filing suit. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which

relief may be granted because it is obvious from the face of her complaint that almost all of her

claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750,

751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute

of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as

frivolous is appropriate.").

Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no

statutory limitations period.  Instead, federal courts apply the most analogous statute of

limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71

(1985).  The events about which Johnson now complains occurred in Kentucky; therefore,

Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat.

§ 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th

Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

Johnson therefore had one year after his claims accrued to file suit.  A claim accrues

when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of*

*Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the

plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal

quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Johnson

indicates that following the surgery in 2014,

> The shunt began collapsing and I was taken back to the Hospital ER for an injection
> to re-open the shunt. It would last for about two weeks and it would collapse again.
> Again I would be taken back to UK ER for an injection. After a few more injections,
> it became obvious the shunt was not going to work.

[R. 1, at p. 5]  No later than August 2016 it was made clear to Johnson that the procedure had not

worked and that he was no longer a candidate for corneal replacement surgery in his left eye.

[R. 1-1, at pp. 2, 13]  However, Johnson did not file his complaint until October 2018, well after

the statute of limitations had run. Any claim under *Bivens* is therefore time-barred and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).[2]

Johnson indicates that he asserts violation of his constitutional rights under *Bivens* in this action, but notes that he unsuccessfully filed a tort claim against the BOP in late 2017. [R. 1, at pp. 11, 14]  Johnson does not suggest that he means to assert a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA") in this proceeding, but the Court notes that a FTCA claim would be untimely even if he did.  Before a person may file suit under the FTCA, he or she must present a request for administrative settlement of the claim to the appropriate agency, which then has six months to settle the claim or deny the request. 28 U.S.C. § 2675(a).  Johnson made his request, but the BOP denied it as untimely, noting that he did not file it within two years after the events complained of. 28 U.S.C. § 2401(b); [R. 1-1, at pp. 9-13] Whether the BOP's position was right or wrong, the BOP also advised Johnson that Section 2401(b) required him to file suit in court within six months after his claim was denied on April 13, 2018.  Johnson's complaint is deemed filed on October 15, 2018, two days after that deadline passed. Any FTCA claim would therefore be untimely.

Apart from those considerations, the second reason Johnson's complaint must be dismissed is that his allegations will not support a claim that the defendant physicians were "deliberately indifferent" to his serious medical needs.  "In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to

---

[2]  In addition, with respect to Drs. Katz, Moore, and Blackburn, a *Bivens* claim against them will not lie because they are employed by UK Hospital, not the federal government, and Kentucky tort law provides an adequate remedy for inadequate medical care. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-74 (2001) (holding that no private cause of action should be implied under *Bivens* against private corporation operating halfway house under contract with BOP); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (declining to imply cause of action under *Bivens* for inadequate medical care provided to inmate of prison run by private company, in part because "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake.").

evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no question here that the medical condition of Johnson's left eye was sufficiently serious to implicate constitutional concerns. But to establish "deliberate indifference" to that condition, Johnson must allege facts sufficient to show that his doctors acted with a knowing and culpable disregard for his well-being, demonstrated by circumstances such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing.").

What will not suffice are allegations that plaintiff's doctors were merely negligent in their diagnosis of the prisoner's medical condition, or simply failed to provide adequate medical care. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). This is all that Johnson alleges: "review of the Plaintiff's medical record shows that the implantation of a shunt was simply not medically sound." [R. 1, at p. 4] But the fact that, with the benefit of hindsight, a prescribed course of treatment failed to remedy the condition is not sufficient to show deliberate *indifference*. Thus, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Baker v. Stevenson*, 605 F. App'x 514, 517 (6th Cir. 2015) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Johnson repeatedly notes that a different ophthalmologist concluded at some point prior to 2013 that laser eye surgery was his best option, but he candidly acknowledges that "he cannot raise a [*Bivens*] claim based solely upon the fact different doctors differ in their opinion of the most feasible treatment." [R. 1, at p. 3] This is the well-established rule. *Pyles v. Fahim*, 771 F.

3d 403, 409 (7th Cir. 2014) ("Disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation."). Johnson does not contest that he was provided with repeated and extensive treatment for his medical condition. [R. 1-1, at pp. 2, 12-13] Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001). A prisoner's "disagreement with the exhaustive testing and treatment he received while incarcerated does not constitute an Eighth Amendment violation." *Lyons v. Brandy*, 430 F. App'x 377, 381 (6th Cir. 2011). The defendants provided Johnson with extensive medical care over the course of several years. The facts alleged in Johnson's complaint may suggest medical treatment that falls below the applicable standard of care sufficient to state a claim of negligence under state law, but they do not suggest the sort of intentional indifference which is the touchstone of a constitutional claim under the Eighth Amendment.

Accordingly, it is **ORDERED** as follows:

1.    Johnson's complaint [**R. 1**] is **DISMISSED WITH PREJUDICE**.

2.    The Court will enter a judgment contemporaneously with this order.

3.    This matter is **STRICKEN** from the docket.

This the 7th day of November, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY